IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| TONI DAVIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| YOUNG & ASSOCIATES, INC., *d/b/a* Shoney's; | ) ) | |
| | ) | |
| YOUNG & ASSOCIATES, LLC, *d/b/a* Shoney's; | ) ) | |
| | ) | |
| YOUNG AND ASSOCIATES, INC., *d/b/a* Shoney's; | ) ) | |
| | ) | |
| YOUNG & ASSOCIATES, INC. OF VIRGINIA, *d/b/a* Shoney's, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff Toni Davis, by counsel, files this complaint against defendants Young & Associates, Inc., *d/b/a* Shoney's; Young & Associates, LLC, *d/b/a* Shoney's; Young and Associates, Inc., *d/b/a* Shoney's; Young & Associates, Inc. of Virginia, *d/b/a* Shoney's (*hereinafter collectively* "Shoney's" or "Defendants") and as grounds therefore states as follows:

### **FACTS, JURISDICTION, AND VENUE**

(1) This is an action for declaratory and injunctive relief, and monetary damages, and to address deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* (*hereinafter*, "Title VII").

(2) The Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4).

1

(3)     The claims asserted in this action arose within the western district of Virginia and the alleged discrimination, retaliation, and damage occurred in the western district of Virginia. Venue of this action is thus proper pursuant to 42 U.S.C. § 2000e, *et seq*.

(4)     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Virginia Council on Human Rights, Charge No. 438-2019-01333; received notices of right to sue dated September 2, 2020 and September 10, 2020; and commences this action within 90 days of receipt thereof.

(5)     At all times material hereto, Defendants are and were a "person" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(a).  At all times material hereto Shoney's was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto Defendants were a person engaged in an industry affecting commerce which had 15 or more employees for each working day in each of twenty or more calendar weeks during the years of Plaintiff's employment or the preceding calendar year.

(6)     Plaintiff at all times material hereto is and was a resident of the Commonwealth of Virginia and was an "employee" of Defendants.

(7)     Defendants, one or more of them, operate restaurants in southwest Virginia under the name Shoney's.

(8)     Ms. Davis has paperwork from her employer that uses variations in its identification and spelling, and Young & Associates, Inc. indicated to the EEOC that it employed Ms. Davis. Accordingly, one or more of the Defendants is Ms. Davis' employer.

(9)     Ms. Davis became employed by Shoney's in or about August 2016 at its Abingdon location.

(10)    From approximately April 2018 until March 9, 2019, Ms. Davis was employed as Head Supervisor, *a/k/a* Head Dining Room Supervisor, at Shoney's, and satisfactorily performed her job and duties there.

(11)    Plaintiff was a witness to an allegation of discrimination by another Shoney's worker in or about September 2017 that resulted in that employee filing a Charge of Discrimination against Shoney's with the EEOC.

(12)    In or about January 2018 Ms. Davis filed a Charge of Discrimination with the EEOC, Charge No. 846-2018-03933, against Shoney's, alleging that she had been retaliated against by Shoney's for being a witness in the allegation of discrimination and EEOC proceeding arising out of the allegation of discrimination by the other employee.

(13)    The EEOC issued a Dismissal and Notice of Rights letter (the "Notice") to Ms. Davis in Charge No. 846-2018-03933, dated February 13, 2019.

(14)    The EEOC mailed this Notice to Ms. Davis and, upon information and belief, the EEOC also mailed a copy of the Notice to Shoney's.

(15)    Upon information and belief, Shoney's received the Notice within a few days of February 13, 2019.

(16)    Thereafter, Shoney's threatened to terminate Ms. Davis' employment without reason.

(17)    Then, on March 9, 2019, without warning or cause Defendants demoted Plaintiff from Head Supervisor to Relief Supervisor, purportedly to accommodate Ms. Davis' "needs and medical appointments." Ms. Davis, however, had no need for accommodation for her schedule, nor did she request such accommodation.

(18)   As a result of this demotion Ms. Davis lost income and had to work a less desirable schedule than she had worked as Head Supervisor.

(19)   After that, on March 10, 2019 Shoney's issued a written warning to Plaintiff for "hostility toward managers." This warning was not justified: Ms. Davis had done nothing to deserve issuance of the warning.

(20)   After that, Shoney's placed on Ms. Davis' paystub credit for tips credited that she did not received (in her position she does not normally receive tips). The misapplication of tips increased Ms. Davis' wage withholding/tax exposure and ends up costing her money for taxes on tips she did not receive.

(21)   Moreover, Shoney's, and specifically Ms. Davis' supervisor(s), created a hostile work environment against her because of her status as having been (identified as) a witness in another employee's Charge of Discrimination and for filing a Charge of Discrimination: Defendants encouraged other employees to treat Plaintiff differently than similarly situated employees, and refused to address her complaints of different treatment that she brings to its attention.

## TITLE VII CLAIM FOR RETALIATION

(22)   Plaintiff incorporates by this reference the preceding paragraphs of this Complaint.

(23)   Defendants discriminated and retaliated against Plaintiff in violation of federal law in that Defendants retaliated against Plaintiff and demoted her employment for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(24)   As a result of Defendants' retaliatory acts, Plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(25) Defendants acted willfully toward Plaintiff with actual malice or with reckless disregard of the protected rights of Plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, Plaintiff Toni Davis demands judgment against Defendants, and each of them, jointly and severally, for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest and for costs and attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

### DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues on which plaintiff is entitled to trial by jury, including any question concerning whether Plaintiff's claims must be submitted to arbitration.

> Respectfully Submitted,
> TONI DAVIS
>
> By: */s/ Melvin E. Williams*
> Of Counsel

Melvin E. Williams (VSB No. 43305)
  mel@melwilliamslaw.com
Meghan S. Strickler (VSB No. 88556)
  meghan@melwilliamslaw.com
MEL WILLIAMS PLC
1320 Third Street, SW
Roanoke, Virginia 24016
540-266-7800
540-206-3857 *facsimile*
    *Counsel for Toni Davis*